United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. WARD, ET AL., | No. C-13-01735 DMR |
| Plaintiff(s), | **ORDER GRANTING MOTION TO DISMISS QUIET TITLE CLAIM AGAINST GREGORY ALAN PICKETT AND PENNY JANE PICKETT [DOCKET NO. 78]** |
| v. | |
| GREGORY ALAN PICKETT, ET AL., | |
| Defendant(s). | |

Before the court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Gregory Alan Pickett and Penny Jane Pickett (the "Picketts"). [Docket No. 78.] The court finds that the motion is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the motion is granted, and the quiet title claim is dismissed without leave to amend.

**I. BACKGROUND**

The allegations of the original complaint are summarized in the court's previous order on several motions to dismiss, dated October 3, 2013. *See* Docket No. 59 at 2-4. The order granted Plaintiffs Charles E. Ward and Linda S. Ward ("Plaintiffs") leave to file an amended complaint as to certain claims. The revised First Amended Complaint ("RFAC"), *see* Docket No. 73, alters some of the original allegations and adds others, but the key allegations in this dispute remain unchanged:

Plaintiffs allege that Defendants engaged in alleged acts of fraud and deceit that culminated in the loss of Plaintiffs' home (the "Property"), in a foreclosure sale dated April 22, 2010. RFAC at ¶ 14. Specifically, Plaintiffs allege that their neighbors, the Picketts, led Plaintiffs to believe that the Picketts would contract directly with Plaintiffs to purchase the Property, but instead surreptitiously purchased the property at a foreclosure sale. RFAC at ¶¶ 22-31.

The original complaint had alleged a quiet title claim against all Defendants. On October 3, 2013, the court dismissed the quiet title claim because of two specific deficiencies in its pleading: (1) "Plaintiffs' quiet title claim fails at the outset because Plaintiffs have failed to allege facts supporting their allegation that they are the rightful owners of the Property. Instead, they admit (and the documents of which the court has taken judicial notice show) that they were in default"; and (2) "[f]urthermore . . . Plaintiffs do not allege that they have attempted to tender the loan amount, have the ability to do so, or that such equitable circumstances exist such that tender should not be required." Docket No. 59 at 20. The court also found that Plaintiffs had abandoned the quiet title claim against all Defendants other than the Picketts. The court then dismissed the quiet title claim with leave to amend only as to Plaintiffs' claim against the Picketts.

The RFAC again asserts a quiet title claim against the Picketts. The RFAC adds the following new allegations that are relevant to this motion: (1) Plaintiffs "are the rightful owners of the Property," (2) Plaintiffs "are prepared to pay the entire amount of the secured debt and associated charges promptly," and (3) Plaintiffs "could have paid the entire secured debt and associated penalties/fees or the amount in default (plus associated penalties and fees) prior to April 15, 2010, could have obtained alternate financing, or could have obtained another buyer,"[1] but did not exercise any of these options "because of the fraudulent misrepresentations of the Pickett Defendants and the wrongful foreclosure and negligence of Wells Fargo." RFAC at ¶¶ 33-34.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When

---

[1] Plaintiffs further allege that "a developer had offered to subdivide and develop the Property, which offer exceeded the sum owed to Wells Fargo before and at the foreclosure sale." RFAC at ¶ 34.

reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Federal Rule of Civil Procedure 15(a) establishes that leave to amend "shall be freely given when justice so requires." However, "[w]hen a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

### III. DISCUSSION

"The purpose of a quiet title action 'is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to.'" *Martinez v. America's Wholesale Lender,* No. 09-cv-5630 WHA, 2010 WL 934617 at *5 (N.D.Cal. Mar. 15, 2010) (quoting *Peterson v. Gibbs,* 147 Cal. 1, 5, 81 P. 121 (1905)), *rev'd in part on other grounds,* 446 Fed. Appx. 940 (9th Cir. 2011).

California Code of Civil Procedure § 761.020 sets forth the requirements for a quiet title claim. Specifically, this statute requires that Plaintiffs set forth five elements in a "verified complaint"[2]: (1) a legal description and common designation of the property; (2) the title of the

---

[2] Neither the complaint nor the RFAC are verified. The failure to verify the complaint provides an additional basis for dismissing Plaintiffs' quiet title claim.

3

plaintiff and its basis; (3) the adverse claims to the plaintiff's title; (4) the date as of which the determination is sought; and (5) a prayer that title is quieted in the plaintiff. Cal. Civ. Proc. Code § 760.020(a)-(e). *See Briosos v. Wells Fargo Bank*, No. 10-cv-2834 LB, 2011 WL 1740100 at *11 (N.D. Cal. May 5, 2011).

The second requirement of the statute requires plaintiffs bringing quiet title claims to show they "are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust." *Kelley v. Mortgage Elec. Registration Sys.,* 642 F.Supp.2d 1048, 1057 (N.D.Cal. 2009). "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018, 1032 (N.D. Cal. 2010) (quoting *Shimpones v. Stickney,* 219 Cal. 637, 649 (1934)). In other words, parties who have defaulted on their obligations under the deed of trust are not considered rightful owners. *See, e.g., Tamburri v. Suntrust Mortgage, Inc.*, No. 11-cv-2899-EMC, 2011 WL 6294472 at *15 (N.D. Cal. Dec. 15, 2011) ("The problem with Plaintiff's [quiet title] argument is that, even if the proper party did not initiate foreclosure, Plaintiff does not allege that she is the rightful owner as she admits that she is in default."); *Castillo v. Wachovia Mortgage et al.*, No. 12-cv-101-EMC, 2012 WL 123296 at *7 (N.D Cal. Apr. 11, 2012) (plaintiff had "no cognizable quiet title claim because he has not alleged that he is the rightful owner of the property, i.e. that he has satisfied his obligations under the deed of trust"); *Allen v. U.S. Bank, NA*, No. 13-cv-1527-LJO SMS, 2013 WL 5587389 at *5 (E.D. Cal. Oct. 10, 2013) (complaint lacks allegations that plaintiff has satisfied his obligations under the Deed of Trust and thus quiet title claim is insufficiently pled).

In addition to the statutory requirements for a quiet title claim, "the tender requirement applies to a quiet title action that seeks to set aside a trustee's sale for irregularities in sale notice or procedure" except where the foreclosure sale is void, as opposed to merely voidable. *Martinez*, 446 F. Appx. at 943 (quotations omitted); *Montoya v. Countrywide Bank*, No. 09-cv-641 JW, 2009 WL 1813973 at *11-12 (N.D. Cal. June 25, 2009) ("Under California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the debt" and applying tender

4

rule to quiet title and wrongful foreclosure claims). *See also* Docket No. 59 at 16-19 (discussing the tender requirement as applied to the original allegations in this case).

Plaintiffs' main argument for the sufficiency of their renewed quiet title claim is that the RFAC adds allegations that, at the time of the foreclosure sale, Plaintiffs were able tender the loan amount, and that Plaintiffs are now prepared to pay the entire amount of the secured debt and associated charges. Even assuming arguendo that these new allegations of Plaintiffs' past and present ability to tender the debt amount are sufficient to meet the tender requirement, Plaintiffs' amended quiet title claim remains deficient because Plaintiffs have failed to allege facts supporting their allegation that they are the rightful owners of the Property. Instead, they admit (and the documents of which the court has previously taken judicial notice show) that they were in default. *See* Docket No. 59 at n. 2 (taking judicial notice of, inter alia, (1) a Deed of Trust requiring Plaintiffs to "pay to Lender, on time, all principal and interest due under the Secured Notes"; (2) a Notice of Default and Election to Sell Under Deed recorded July 13, 2009, indicating that Plaintiffs had been in default since April 1, 2009; and (3) a Notice of Trustee's Sale recorded on October 13, 2009, indicating a foreclosure sale date of November 6, 2009 and listing the total amount outstanding on the loan as $1,995,662); RFAC Ex. C (Trustee's Deed Upon Sale showing that on April 22, 2010, the date of foreclosure sale, Plaintiffs' owed unpaid debt of $1,966,963.81); RFAC at ¶ 16 (Plaintiffs admit they were in default). Because Plaintiffs were in default as of April 22, 2010, they were not the rightful owners of the Property as of that date, and they cannot meet the statutory requirements for a quiet title claim.

Plaintiffs also argue that this case presents a matter of first impression because the "wrongful foreclosure that conveyed the Property to [the Picketts]" was caused by the Picketts' alleged fraud, and equity requires the court to create an exception to the statutory requirement of rightful ownership. Opp. [Docket No. 82] at 2, 6. This argument is specious. First, other courts *have* considered quiet title claims in which plaintiffs alleged that the foreclosure was fraudulent, and have still required those plaintiffs to allege that they satisfied their obligations under the deed of trust. *See, e.g., Adesokan v. U.S. Bank, N.A.*, No. 11-cv-1236-LJO-SKO, 2012 WL 395969 at *5 (E.D. Cal. Feb. 7, 2012). Furthermore, Plaintiffs fail to cite to any cases or even simply explain why

equity should permit an exception to a statutory requirement where the Picketts' alleged fraud was not connected to Plaintiffs' defaulting on their loan obligations.[3]  Plaintiffs' failure to satisfy their obligations under the Deed of Trust was not caused by the Picketts, and thus the court declines to find an equitable exception to the rule that a borrower who fails to meet his loan obligations is not the rightful owner and cannot bring a quiet title claim.

## IV. CONCLUSION

For the reasons stated above, the court grants the motion.  Because Plaintiffs have admitted they defaulted on the loan and they are therefore not the rightful owners of the Property, any amendment to this claim would be futile.  The court therefore dismisses the quiet title claim without leave to amend.

IT IS SO ORDERED.

Dated: January 14, 2014



DONNA M. RYU
United States Magistrate Judge

---

[3] The RFAC admits that Plaintiffs went into default simply because they did not have the money to pay for the Property.  RFAC at ¶ 16 ("In late 2009 and early 2010, like many feeling the impact of the recession, the Wards fell behind on mortgage payments . . . .").